IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                                                   PLAINTIFF

VS.                                         CRIMINAL NO. 5:23-50070-003-TLB

CHRISTOPHER OUTLAW                                                                                     DEFENDANT

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), Local Rule 72.1 ¶ XII, and General Order No. 40, this matter was referred to the undersigned for the purposes of conducting a plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure. Such a hearing was conducted on May 15, 2024, and, pursuant to a written plea agreement, the Defendant, Christopher Outlaw, entered a plea of guilt to Count Three of the Indictment, charging him with the offense of aiding and abetting another person in the knowing and intentional distribution of a controlled substance, namely, more than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) and 18 U.S.C. § 2. The United States agrees to dismiss the remaining count against Defendant after acceptance of the plea agreement by the District Court.

After conducting the hearing in the form and manner prescribed by Rule 11, the undersigned finds:

1. The Defendant, after consultation with his counsel, has knowingly and voluntarily consented, both in writing in the plea agreement and on the record at the hearing, to the entry of his guilty plea before the undersigned, with Defendant's plea of guilt subject to final approval by United States District Judge Timothy L. Brooks.

2. The Defendant and the Government have entered into a written plea agreement which has been disclosed in open court pursuant to Rule 11(c)(2), and the undersigned has directed that the plea agreement be filed. (ECF No. 58).

3. The Defendant is fully competent and capable of entering an informed plea; the Defendant is aware of the nature of the charges, the applicable maximum penalties, and the consequences of the plea; Defendant is fully satisfied with his counsel and has had sufficient time to consult with counsel; and Defendant's plea of guilt is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

4. The Defendant understands his constitutional and statutory rights and wishes to waive these rights.

5. The parties were informed, both in writing in the plea agreement and on the record at the hearing, of their right to file written objections within fourteen (14) days after receipt of this Report and Recommendation. To expedite acceptance of the guilty plea, the parties waived, both on the record and in writing in the plea agreement, their right to file objections.

6. Based on the foregoing, the undersigned recommends that Defendant's guilty plea be accepted. The written plea agreement will be subject to approval by the District Judge at sentencing.

DATED this 15th day of May 2024.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE